IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| In the Matter of Sortwell, Inc. | NO. C 08-05167 JW |
| | **PRELIMINARY PRETRIAL CONFERENCE SCHEDULING ORDER - (BENCH TRIAL)** |

This case is scheduled for a Preliminary Pretrial Conference on November 7, 2011. Pursuant to the Federal Rules of Civil Procedure and the Local Rules of this Court, the parties submitted a Joint Pretrial Statement. (See Docket Item No. 70.) Based on their joint submission, it appears that a trial schedule for the case can be set without the necessity of an appearance at this time.

As a preliminary matter, the Court observes that the parties' Joint Pretrial Statement makes a number of contentions regarding discovery that the parties "intend to undertake," and proposes various "discovery cut-off" dates for 2012. (Docket Item No. 70 at 3-4.) However, these contentions are belied by the fact that the discovery cut-off date in this case has already elapsed. On November 22, 2010, the Court issued a scheduling order in this case according to which the deadline for all discovery was September 9, 2011. (See Docket Item No. 42 at 4.) On July 1, 2011, the parties filed an earlier Joint Pretrial Statement in which they recognized that the "Court has set a discovery cut-off of September 9, 2011," and in which they contended that they "are working vigorously with the goal of meeting that deadline." (See Docket Item No. 48 at 5.) On the basis of the parties' contentions in that earlier Joint Pretrial Statement, the Court previously set this case on a

trial schedule for February 2012. (See Docket Item No. 49.) On August 18, 2011, the Court vacated that trial schedule in light of a pending Motion to Bifurcate and counsel's contentions regarding a conflict with the trial schedule. (See Docket Item No. 54.) However, in that order the Court did not vacate the discovery deadlines in this case. Nor has any party moved the Court for an extension of the discovery deadlines beyond September 9, 2011. Accordingly, the Court finds that the discovery phase of this case has concluded.

Accordingly, in light of the age of this case and the parties' desire to advance it, the Preliminary Pretrial Conference is VACATED and the parties are ordered to comply with the following schedule:

**TRIAL SCHEDULE**

| | |
|---|---|
| **Final Pretrial Conference (¶4 )**<br>*( ≈14 days before the Trial)* | **March 12, 2012** |
| **Joint Final Pretrial Conference Statement and** *In Limine* **Motions Due**<br>*( ≈30 days before Final Pretrial Conference)*<br><br>**Once the in limine binders are lodged with the Court (¶3(b)), the Court will determine whether a hearing is necessary for the motions in advance of the Final Pretrial Conference and set the hearing accordingly.** | **February 17, 2012** |
| **Bench Trial Date and Sessions[1]**<br>**Sessions 1-4**<br>**Sessions 5-7[2]**<br><br>**Argue & Submit** | **March 27-30, 2012, 1 p.m. - 4 p.m.**<br>**April 3-5, 2012, 1 p.m. - 4 p.m.**<br><br>**April 6, 2012 at 1 p.m.** |

---

[1] **At the Final Pretrial Conference, the Court reserves the right to fold the afternoon sessions into morning sessions (9:00 a.m. - 12:00 p.m.) thus creating full days for trial. The final trial schedule will be confirmed at the Final Pretrial Conference.**

[2] The parties contend that they will require "10 to 15 court days" for trial. (See Docket Item No. 70 at 5.) However, based on the Court's evaluation of this case, the Court finds that seven half-day sessions will suffice to present both the claims and defenses in this case.

2

**Meet and Confer Requirement**

1.   No later than 30 days prior to the Final Pretrial Conference, the parties shall meet and confer with respect to the Joint Pretrial Conference Statement, submission of a joint list of witnesses, a joint list of trial exhibits and a joint list of discovery material which each party intends to offer in evidence as a part of its case-in-chief.  Unless objections are made in accord with this Order, all witnesses, exhibits and discovery material contained on the joint submission shall be deemed admissible into evidence by stipulation.

**Objections and Lodging Disputed Material with the Court**

2.   If a party objects to receipt into evidence of a witness, exhibits or discovery response, the party shall advise all opposing parties during the conference described in paragraph 1, and attempt to resolve the dispute.  If the parties are unsuccessful in resolving the dispute, any party wishing to object to receipt of the testimony of any witness, any exhibit or discovery response into evidence shall lodge with Chambers a copy of the disputed material at the commencement of trial. Attached to the submission shall be a brief statement of the objection and any response by the proffering party.  The Court will indicate on the submitted copy whether the objection is overruled or sustained and return the material to counsel.

**Lodging Joint Pretrial Conference Statement and *in Limine* Motions**

3.   Pursuant to the date set forth in the Case Schedule, the parties shall file and lodge with Chambers the following:

    a.   Joint Pretrial Conference Statement: The parties shall file a joint pretrial statement which shall contain the following information:  (1) a brief description of the substance of claims and defenses which remain to be decided; (2) a detailed statement of all the relief claimed, particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages; (3) a plain and concise statement of all relevant facts not reasonably disputable, as well as which facts the parties will stipulate for incorporation into the trial record without the necessity of supporting

testimony or exhibits; (4) a plain and concise statement of all disputed factual issues which remain to be decided; (5) a statement assessing whether all or part of the action may be presented upon an agreed statement of facts; (6) a statement of stipulations requested or proposed for pretrial or trial purposes; (7) without extended legal argument, a concise statement of each disputed point of law concerning liability or relief, citing supporting statutes and decisions; (8) a list of all witnesses likely to be called at trial; (9) a list of evidence the parties intend to present at trial through use of excerpts from depositions, from interrogatory answers, or from responses to requests for admission; and (10) any other subjects relevant to the trial of the action, or material to its just, speedy and inexpensive determination. **Counsel are directed to meet and confer in advance of the date for submission of pretrial material with respect to the pretrial conference statement.**

b. *In Limine* Motions: Any *in limine* motions shall be filed in writing and submitted along with the Joint Final Pretrial Conference Statement. Any opposition shall be filed in writing and served no later than ten (10) days after the opening briefs have been filed and served. **Fifteen (15)** days before the date of the Final Pretrial Conference, the parties shall organize their *in limine* motions as follows:

(1) Each side shall be responsible for producing a combined folder with all of their *in limine* motions, oppositions to their motions (if any), and replies (if any), respectively. The motion papers shall be clearly marked and separated in one single binder. The binder shall contain a table of contents, listing each motion with a short sentence regarding the grounds for in limine and a short sentence regarding the opposition; all statements must be supported by proper citations to the motions. **The table of contents shall also be saved a CD in MS Word or WordPerfect format to be attached inside the binder.**

(2) Please note that this binder is not a substitute for filing the motions and related papers via ECF; it is designed for the Court to evaluate the motions. Two copies of the binder shall be delivered to the Court (by way of the Clerk's Office) no later than **fifteen (15) days before the date of the Final Pretrial Conference by 4 PM.** The parties must also bring the binder to the Final Pretrial Conference for their own references.

(3) These motions will be deemed submitted without oral argument, unless the Court orders otherwise.

4

### Final Pretrial Conference

4. The Court will conduct a Final Pretrial Conference on the date set forth in the Case Schedule. The trial attorneys must attend the conference. At the final pretrial conference the Court will consider issues raised in the Final Pretrial Conference Statement, motions *in limine* and discuss the procedures for trial of the case.

### Lodging Witness Lists, Exhibit Lists

5. At the Final Pretrial Conference, the parties shall lodge with Chambers the joint list of witnesses, and a joint list of exhibits. Unless otherwise ordered, all exhibits shall be in a format compatible with either the video or digital evidence presentation system utilized by the Court. The proffering party shall retain custody of all exhibits, schedules, summaries, diagrams or charts to be used at the trial.

6. Upon request, in noncomplex cases the court will excuse the parties from using electronic formatted documents. In that event on the first day of trial, the parties shall submit exhibits as follows:

    a. A copy for the trial judge;

    b. A copy for the witness stand.

    c. No duplicates of a document shall be submitted, unless the duplicate copy has independent evidentiary value to prove some disputed issue of material fact (e.g., date stamp to prove receipt on a particular date, where date of receipt is a disputed issue of a material fact).

### Proposed Findings (Nonjury Trials)

7. In nonjury trials, on the first day of trial, each party shall submit its proposed findings of fact and conclusions of law.

### Bench Trial Schedule

8. The time allowed for trial shall be divided equally between the plaintiff's side and the defendant's side. Co-parties are ordered to meet, confer and agree to an allocation among themselves. A party may spend its allocated time presenting its own case or on cross-examination of

1  witnesses called by other parties or for presentation of a counterclaim.  When a party's allocated time
2  period has expired, unless otherwise ordered for good cause shown, no further time will be allowed
3  to that party if it would interfere with the ability of the opposing party to present its case.

### Trial Procedure

5  9.     In opening statements, counsel shall not express personal knowledge or opinion
6  concerning any matter in issue.

7  10.    Counsel must question witnesses from the podium, using the microphone.  Without
8  requesting permission, counsel may approach witnesses for any proper purposes.

9  11.    Address all remarks to the Court, not to opposing counsel.

10 12.    Refer to all persons, including witnesses, other counsel and the parties by their
11 surnames and not by their first or given names.

12 13.    In examining a witness, counsel shall not repeat or echo the answer given by the
13 witness.

14 14.    <u>Counsel must stand when making an objection.</u>

15 15.    Conferences at the bench or sidebar are not favored by the Court.  Any sidebar
16 conferences which are allowed will be off the record.  If any counsel wishes to place matters on the
17 record, he or she may so request, and the Court will make a responsive order.

18 16.    Counsel have full responsibility to arrange for the appearance of witnesses during
19 the presentation of their case so as to eliminate delay caused by waiting for witnesses who have been
20 placed on call by counsel.

21 17.    Unless an agreement to the contrary is entered into by opposing counsel, all
22 nonparty or nonexpert witnesses will be excluded from the courtroom when not testifying.  When a
23 witness has completed his or her testimony, the witness is excused unless counsel indicates that he
24 or she wishes the witness to remain subject to being recalled.  Any witness who has been excused
25 from further testimony may remain as a spectator.  It will be the responsibility of counsel to make an
26 announcement at the time the witness steps down that he or she should remain in the environs of the
27 Court for a reasonable time to permit such counsel an opportunity to secure and serve a subpoena

upon the witness and assume responsibility for his or her per diem and other expenses as provided by governing rule or statute.

18. Counsel shall admonish all persons at counsel table that gestures, facial expressions, audible comments, or the like, as manifestations of approval or disapproval during the testimony of witnesses, or at any other time, are prohibited.

19. Witness examination shall consist of direct examination, cross-examination and re-direct examination. No recross-examination will be allowed without prior approval of the Court specifically indicating the area for recross-examination. When there are multiple defense counsel, they are directed to confer and designate to the Court the sequence in which they wish to be recognized during trial for purposes of presenting opening statements and conducting cross-examination of witnesses. If one counsel conducts the direct examination of a witness, that same counsel must make objections when the witness is cross-examined. Counsel who will conduct the cross-examination should object while the witness is on direct.

20. After the commencement of trial testimony, upon request of co-parties, any objection, motion or other application for relief made by any co-party, orally or in writing, shall be deemed to be adopted and joined in by every other co-party, without announcement by counsel to that effect, and the rulings of the Court shall be deemed applicable to each party unless otherwise stated at the time the ruling is made. Accordingly, it shall be regarded as unnecessary and improper for counsel to rise to "join in" an objection or motion. Rather, counsel should rise to be heard only for the purpose of expressly opting out of an objection or motion if that is his or her position.

21. Counsel are directed to deliver to opposing counsel at the end of each trial day (if not earlier) a list of witnesses counsel anticipates calling the next trial day.

22. Counsel calling a non-client witness to testify should have no further discussions with that witness concerning the case or any aspect of his or her testimony after the witness has been tendered for cross-examination and until such time as the witness has been tendered back for redirect examination. At all other times, within the bounds of governing ethics and the law, counsel may engage in discussions with witnesses during trial.

23. Any time taken away from presentation of evidence to the trier of fact due to, for example, lengthy legal motions made during the time allocated to the presentation of evidence, or delays in the commencement of proceedings due to circumstances within the control of counsel, will be deducted from the time allocated for the presentation of evidence.  Upon timely application based upon good cause, the Court may relieve a party of its stipulation to the agreed schedule.

24. It is the practice of the Court periodically to inform counsel of the Court's record of how much time each side has remaining for the presentation of evidence based upon the stipulated trial schedule.

## Daily Trial Transcript

25. Any counsel desiring daily or expedited transcripts during trial should make immediate arrangements with the court reporter and should inform the Court and other counsel of such intentions.

Dated: November 3, 2011

                                                    JAMES WARE  
                                                    United States District Chief Judge

8

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ann M. Heimberger aheimberger@manatt.com
Christopher S. Kieliger ckieliger@cwghp.com
Jon Anthony Van Steenis jvansteenis@daiglefisse.com
Mitchell S. Griffin mgriffin@cwghp.com
Richard Craig Wootton rwootton@cwghp.com

**Dated: November 3, 2011**                                   **Richard W. Wieking, Clerk**

                                                     **By:** **/s/ JW Chambers**
                                                          **Susan Imbriani**
                                                          **Courtroom Deputy**